IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREG BALTIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-0578 |
| | ) | JUDGE ECHOLS/KNOWLES |
| | ) | |
| CITY OF FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GEORGE SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-0579 |
| | ) | |
| CITY OF FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RICK COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06-0580 |
| | ) | |
| CITY OF FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| DARRYL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:06-0807 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF FRANKLIN, | ) | |

|  |  |  |
|---|---|---|
| Defendant. | ) ) | |
| | | |
| MICHAEL JONES, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 3:06-0808 |
| CITY OF FRANKLIN, | ) ) | |
| Defendant. | ) ) | |
| | | |
| ANTHONY PASLEY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 3:06-0809 |
| CITY OF FRANKLIN, | ) ) | |
| Defendant. | ) ) | |
| | | |
| STEPHEN GIBSON, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 3:06-0810 |
| CITY OF FRANKLIN, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Consolidate these seven cases for trial. These cases all involve claims of employment discrimination by firefighters against the City of Franklin, Tennessee. The first three cases (*Baltimore*, *Sanford*, and *Cotton*)

2

were filed June 6, 2006, while the last four (*Darryl Jones, Michael Jones, Anthony Pasley* and *Stephen Gibson*) were filed August 21, 2006. The first three cases have already been set for trial to begin October 2, 2007, October 9, 2007, and October 16, 2007, respectively.

Counsel for the parties appeared on October 16, 2006, for an Initial Case Management Conference in the four later-filed cases discussed above. (The same counsel represent Plaintiffs and Defendant in all seven cases.) At that time, the Motion to Consolidate was discussed.

Although the Motion seeks to consolidate all seven cases for trial, the parties at the Initial Case Management Conference held October 16, 2006, agreed that not all seven cases should be consolidated for trial. Instead, the parties agreed that the first three cases (*Baltimore, Sanford* and *Cotton*) should be consolidated for trial and that the trial of those three cases should be set for October 2, 2007. The parties further agreed that the four later-filed cases (*Darryl Jones, Michael Jones, Anthony Pasley*, and *Stephen Gibson*) should be consolidated for trial, and that the trial of those consolidated cases should be set for February 19, 2008.[1]

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Consolidate be GRANTED IN PART as follows. The three cases filed June 6, 2006 (*Baltimore, Sanford,* and *Cotton*), should be consolidated for trial beginning October 2, 2007, at 9:00 a.m. The four later-filed cases (*Darryl Jones, Michael Jones, Anthony Pasley,* and *Stephen Gibson*)

---

[1] Under the proposed Case Management Orders in the four later-filed cases, dispositive Motions are due September 14, 2007. Responses to dispositive Motions are due within thirty days of the filing of the Motion, or, at the latest, October 14, 2007. Counsel for Plaintiff requested an additional thirty days to respond to the dispositive Motions, because the trial of the first three consolidated cases will begin October 2, 2007. The undersigned granted an additional thirty days to respond to the dispositive Motions (until November 13, 2007, at the latest). Given this situation, in order for the Court to have time to rule on the dispositive Motions, the undersigned has set the trial of the four later-filed cases for February 19, 2008.

3

should be consolidated for trial to begin February 19, 2008.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

							_____
							E. Clifton Knowles
							United States Magistrate Judge