UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREG BALTIMORE, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **CONSOLIDATED** |
| | ) | **No. 3:06-0578** |
| v. | ) | **No. 3:06-0579** |
| | ) | **No. 3:06-0580** |
| **CITY OF FRANKLIN,** | ) | **JUDGE ECHOLS** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Attorney's Fees (Docket Entry No. 122), to which Defendant City of Franklin responded in opposition. (Docket Entry No. 128.) This civil rights lawsuit began with the filing of Complaints in June 2006. It concluded in the parties' private settlement before jury trial took place after the Court ruled on summary judgment motions and held a final pretrial conference in July 2007.

Plaintiffs now seek compensation for 730.75 hours of attorney time at the rate of $350 per hour, for a total of $255,762.50. In addition, Plaintiffs request a multiplier enhancement of .75 to the attorney's fee lodestar amount, which would result in an additional award of $191,821.88, for a total of $447,584.38 in attorney's fees. Further, Plaintiffs seek compensation for 203.55 hours of paralegal time at the rate of $100 per hour, for a total of $20,355.00. Thus, Plaintiffs seek a grand total award of $467,939.38. Plaintiffs do not request expenses. Defendant agreed to pay costs as part of the settlement, and on October 16, 2007, the Clerk taxed costs against Defendant in the amount of $20,824.85. (Docket Entry No. 121.)

Defendant challenges the present fee request on two grounds: (1) the hourly rates requested for Plaintiffs' counsel and two paralegals are too high and (2) a multiplier is unwarranted. Defendant does not object to the reasonableness of the hours expended by counsel or the paralegals.

# I. STANDARD OF REVIEW

Title VII of the Civil Rights Act of 1964 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]" 42 U.S.C. § 2000e-5(k). The Court must first determine the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-416. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" Id. A reduction in attorney's fees should be "applied only in rare and exceptional cases where specific evidence in the record requires it." Id.

# II. ANALYSIS

**A. Reasonable hourly rates**

Defendant objects to Plaintiffs' contention that their attorney, Andy L. Allman, a partner at Kelly, Kelly & Allman in Hendersonville, Tennessee, should be compensated at the rate of $350 per hour and his paralegals at the rate of $100 per hour. Defendant asks the Court to set rates more closely in line with the $200 per hour granted to Mr. Allman and $75 per hour granted to paralegals in previous similar civil rights litigation brought by Mr. Allman against the Police Department of

2

the City of Clarksville, Tennessee. See Hall v. City of Clarksville, No. 3:03-1229, 2006 U.S. Dist. Lexis 49356 (M.D. Tenn. July 19, 2006); Austion v. City of Clarksville, No. 3:03-0854, 2005 U.S. Dist. Lexis 43176 (M.D. Tenn. Sept. 9, 2005).

Mr. Allman attests that he received his law degree and was licensed to practice law in Tennessee in 1996. He associated with Kelly, Kelly & Allman, within the Nashville legal market, and has practiced law there for eleven years. He became a partner at the firm in 2003. The firm's ordinary partner rate is $350 per hour. Mr. Allman is licensed to practice and is a member in good standing before the United States District Court for the Middle District of Tennessee, the Sixth Circuit Court of Appeals and all Tennessee courts. Mr. Allman avers that his practice is concentrated in civil rights and employment law representing employees, class action litigation, personal injury, and general civil litigation in state and federal courts in middle Tennessee. Since 1996, he has served as lead counsel in several large employment discrimination class actions in the Middle District of Tennessee, as well as in state courts. (Id. ¶¶ 5, 9.) Mr. Allman requests an hourly rate of $350 on the ground that such a rate is commensurate with the prevailing market rate in the community for comparable services among lawyers of similar skill, reputation and ability in the areas of civil rights and employment law. (Id. ¶ 7.) He suggests that the requested rate of $100 per hour for two paralegals who worked on the case is also reasonable in the current legal market. (Id. ¶ 9.)

Kelly, Kelly & Allman accepted Plaintiffs' representation on a contingent fee basis. The law firm is comprised of three trial lawyers who specialize in the litigation of medical negligence, traumatic brain injury, personal liability, torts, defective products, wrongful death, nursing home litigation, and labor and employment matters. The firm has represented plaintiffs in national employment law class actions. Plaintiffs in this case were not charged an hourly fee, and Mr. Allman's law firm advanced all expenses. Mr. Allman believes this was a difficult case and one

3

of the more time-consuming cases that he has litigated. (Docket Entry No. 124, Allman Aff. ¶¶ 8-11.) According to Mr. Allman, the risks of this civil rights litigation were considerable. He advanced two legal theories on behalf of the Plaintiffs under Title VII, 42 U.S.C. § 1981, and the Tennessee Human Rights Act: a failure to promote the Plaintiffs to higher positions within the City of Franklin Fire Department and the existence of a racially hostile work environment in the Fire Department. Mr. Allman was successful in obtaining a settlement of $500,000, which the two Plaintiffs shared equally. In addition, as part of the settlement, the City of Franklin agreed to promote Plaintiff Greg Baltimore to the position of Assistant Chief. Mr. Baltimore is only the second African American to hold that position. (Id. ¶¶ 8, 12.)

Plaintiff provides the Declaration of Jeffrey A. Greene, who attests that he has been practicing law in Tennessee since 1984. He is admitted to practice before this Court, the U.S. District Court for the Western District of Tennessee, and the U.S. Courts of Appeals for the Sixth, Fifth, and Federal Circuits. He has appeared *pro hac vice* in several other courts. (Docket Entry No. 127, Greene Decl. ¶ 1.) Mr. Greene concentrates on commercial litigation, and he is familiar with rates charged in the Nashville market. He believes that a rate from $300 to $350 per hour is a reasonable rate to be charged by an attorney with sufficient experience to act as lead counsel on a complex or commercial matter. (Id. ¶ 3.) Mr. Greene reviewed Mr. Allman's Affidavit and believes that the time entries shown reflect reasonable expenditures of time for a difficult and complex federal case, involving a relatively large document production, numerous depositions, motions for summary judgment and trial preparation. (Id. ¶ 4.) Mr. Greene is familiar with Mr. Allman and considers him to be an attorney of good reputation and character, with the skills necessary to serve as lead counsel on a case of this nature. He believes that the result Mr. Allman obtained in the case is as good a result as could have been obtained by any counsel. In addition to the large monetary settlement, Mr. Allman obtained what Mr. Greene refers to as "substantial non-

4

financial relief in the form of a promotion for one of his clients to a position that, based on Mr. Allman's affidavit, would otherwise have likely been closed to his client." While it is difficult to place a value on such "non-financial relief," Mr. Greene believes the value must be considered to be significant. (Id. ¶ 5.)

In the prior Hall and Austion cases, the Court observed Mr. Allman's practice and trial skills in the courtroom. In those cases, the Court awarded Mr. Allman an hourly rate of $200 based on certain observations the Court made concerning Mr. Allman's abilities as an attorney and his performance during the cases. The Court noted that, in pre-trial, trial, and post-trial matters, Mr. Allman did not demonstrate a working knowledge of federal practice, including the Federal Rules of Civil Procedure, Rules of Evidence, and the Local Rules. While he communicated well with the jury and ultimately achieved an excellent result for his client in the prior cases, the Court found that Mr. Allman did not demonstrate the same legal skills as more seasoned federal lawyers who bill at rates of $250 per hour and higher.

This case was settled by the parties before jury trial. Thus, the Court did not have the opportunity to observe Mr. Allman in the courtroom except at the time of the final pretrial conference. The Court did review pleadings and court documents drafted by Mr. Allman, including the responses to Defendant's motions for summary judgment. While the Court believes Mr. Allman's performance again improved in this case as compared to prior cases in which he appeared, the Court is not convinced that the rate of $350 per hour for Mr. Allman is appropriate in this case. Based upon the Court's observations in this case, the Court finds that $350 per hour is excessive and is not a reasonable rate for a civil rights attorney at Mr. Allman's skill level. The Court finds that a rate of $250 per hour is a more reasonable rate under the facts and circumstances of this case.

In deciding upon the $250 rate in this case, the Court has considered the required factors, including the novelty and difficulty of the questions presented in the case, the skill needed to perform the legal service properly, the customary fees ordinarily charged for such legal representation, the results obtained, the fact that the fee was contingent, Mr. Allman's experience, reputation and ability, and the "undesireability" of accepting a race discrimination case brought against a city government entity, particularly when the Plaintiffs are still employed by that entity.

Although Mr. Allman states that this was one of the more time-consuming cases in his practice, the Court finds that Mr. Allman was not precluded from accepting other employment due to the magnitude of this case. The Court observes there are eleven (11) billing entries on Mr. Allman's statement between October 5, 2005, when he first met with his clients, and June 6, 2006 when the Complaints were filed. In the sixteen months thereafter, billing entries were made routinely, and at some points Mr. Allman devoted one entire billing day or a series of billing days to work on this case. The pace of his work picked up significantly in June and July 2007 in anticipation of trial. The Court finds that, between May 22, 2006, when Mr. Allman prepared the Complaints in these cases and October 25, 2007, when he completed preparation of his attorney's fee request, Mr. Allman averaged approximately 9.8 billing hours per week on this case. While certainly there were periods when Mr. Allman was required to commit a significant number of hours to the case, an average of 9.8 hours per week does not compel the Court to conclude that Mr. Allman could not accept other legal employment as a direct result of having taken on this contingent fee case.

The Court finds that Mr. Allman ultimately achieved significant success for his clients considering that on summary judgment the Court dismissed some of the Plaintiffs' claims. As to Mr. Baltimore, the Court granted Defendant's motion for summary judgment on the claims brought under 42 U.S.C. § 1981, for hostile work environment under Title VII and the Tennessee Human

6

Rights Act ("THRA"), and for the City's failure to select him for Fire Chief in 2004 under Title VII and the THRA. The motion was denied with respect to Mr. Baltimore's Title VII and THRA claims for the City's failure to promote him to Lieutenant in 2000, Captain in 2002, Deputy Chief in 2005 and Assistant Chief in 2005. With regard to Mr. Cotton, the Court granted Defendant's summary judgment motion on Mr. Cotton's claims brought under 42 U.S.C. § 1981 and his claims of disparate treatment and retaliation brought under Title VII and the THRA. The Court denied summary judgment on Mr. Cotton's hostile work environment claim under Title VII and the THRA and his challenge to the City's failure to promote him to Lieutenant in 1998 and Captain in 2006 under Title VII and the THRA. Despite this mixed success on summary judgment, Mr. Allman achieved a settlement of $250,000 in compensatory damages for each client and a promotion to Assistant Chief for Mr. Baltimore. The Court finds that Mr. Allman is entitled to $250 per hour. Multiplying 730.75 hours by $250 per hour results in a lodestar amount of $182,687.50.

In some cases of exceptional success, an attorney is entitled to a fee multiplier. The Court must evaluate whether a multiplier is appropriate in light of the twelve factors cited above from Isabel, 404 F.3d at 415-416, which are adopted from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1984). See Jordan v. City of Cleveland, 464 F.3d 584, 604 (6th Cir. 2006). "The key issue is whether an adjustment is necessary to the determination of a reasonable fee." Barnes v. City of Cincinnati, 401 F.3d 729, 745 (6th Cir. 2005). Application of a multiplier is left to the sound discretion of the Court. Id. at 606.

The Court has again considered with regard to the multiplier the time and labor required of Mr. Allman; the novelty and difficulty of the questions presented; the skill needed to perform the legal service properly; whether Mr. Allman was precluded from other employment by accepting the cases; the customary fee; whether the fee is fixed or contingent; time and limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation,

7

and ability of Mr. Allman; the "undesireable" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. <u>Isabel</u>, 404 F.3d at 415-416. Mr. Allman was required to devote a significant amount of time to the case, even though he was not precluded from accepting other employment during the same time period. Many lawyers would not consider this case to be particularly "desireable" to accept on a contingent fee basis where multiple current employees wished to sue their employer for what they considered to be a lengthy and pervasive policy or practice of racial discrimination. These two Plaintiffs apparently were not longstanding clients of Mr. Allman's firm. Mr. Allman performed at a high level and in doing so he achieved substantial results prior to trial, particularly for Mr. Baltimore. The Court believes that the compensatory damages obtained for the clients in settlement approximated or exceeded awards ordinarily reached by local juries in civil rights cases. This indicates to the Court that Defendant City of Franklin believed Plaintiffs had a strong case and anticipated that its financial exposure could climb much higher at jury trial.

In <u>Jordan</u> the Sixth Circuit remanded a fee award issue for further consideration following a jury trial in a similar Title VII case. The appellate court stated that it was not proper for the district court to deny enhancement of the fee award on the premise that the case was neither novel nor difficult. The Sixth Circuit wrote:

> Although the legal issues in Title VII cases are generally well marked out, they are often difficult to prove. To do so Jordan's counsel had to expend substantial effort in marshaling evidence about the Division and its adverse treatment of Jordan (and other black firefighters) over the course of more than 10 years. That effort is surely relevant to any consideration of a fee enhancement . . . but it was not taken into account here. Instead the district court drew from its finding that "this case was a bellwether to similar cases filed by Cleveland City firefighters" that the case was both desirable and straightforward (J.A.F. 195). But any such ipse dixit assertion is far from self-evident.

<u>Id.</u> at 605.

Here, the Court takes into consideration that the claims of racial discrimination raised in this case are similar to those raised in Jordan. In defending these cases, the City of Franklin disclosed to the Plaintiffs approximately 12,000 pages of documents concerning promotions within the Fire Department over a number of years. Plaintiffs' counsel, a partner in a small firm of three lawyers, was required to review and digest all of this material and determine what portions of the evidence would help to prove the Plaintiff's Title VII and THRA claims at trial. Much of this work is compensated through the sheer number of hours billed for review of the information. But in complicated cases like these, where Plaintiffs alleged they were denied a series of promotions over time, it was much more difficult for Plaintiffs' counsel to parse what evidence out of the 12,000 pages and approximately thirty depositions concerning firefighters' promotions was relevant and material to Plaintiffs' claims.

This case did not proceed to jury trial as Jordan did. Following discovery and the Court's rulings on summary judgment, counsel for the City of Franklin and for the Plaintiffs made an educated assessment about the monetary range of any potential jury verdicts. Rather than take the case to trial, they areed upon a sum certain to settle these cases. Thus, although Plaintiffs did not obtain their success at trial, the pretrial work and persistence of their counsel did reap a successful result for the Plaintiffs through a settlement award on the eve of trial, as well as a promotion for Mr. Baltimore, who is only the second African-American to hold the position of Assistant Chief at the Fire Department. It also bears noting that Defendant agreed the settlement funds would be split by Plaintiffs and that Mr. Allman would receive compensation through this attorney's fee application.

In light of all the relevant factors, the Court finds in its discretion that a multiplier of ten percent (.10) should be applied to the lodestar amount to account for the exceptional success obtained by Mr. Allman in the settlement for his clients. By applying a multiplier of .10, an

9

additional $18,268.75 is added to the lodestar amount of $182,687.50 for a total of $200,956.25 in attorney's fees for Mr. Allman.

Mr. Allman did not provide a supporting affidavit to justify his request for an hourly rate of $100 per hour for his two paralegals. Because the Court does not have evidence before it that $100 per hour is the prevailing market rate for paralegal work, the Court finds that $75 per hour for paralegal time is a more appropriate rate. See Bridgeport Music, Inc. v. Lorenzo, 255 F. Supp.2d 795, 800 (M.D. Tenn. 2003), *aff'd sub nom.* Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883 (6th Cir. 2004). Multiplying 203.55 hours by $75 per hour equals $15,266.25.

### III. CONCLUSION

The Court finds that Plaintiffs are entitled to a fully compensatory fee, but that the hourly rates requested by Mr. Allman are too high. Mr. Allman's hourly rate will be set at $250 and the paralegal rate will be set at $75. Having considered the applicable factors set forth in Isabel, the Court finds that Mr. Allman is entitled to compensation for 730.75 attorney hours at $250 per hour for a total of $182,687.50, to which a multiplier of ten percent (.10) is added ($18,268.75) for a total attorney's fee award of $200,956.25. The award for paralegal time is reached by multiplying 203.55 hours by $75 per hour for a total of $15,266.25. Thus, Plaintiffs are entitled to a grand total attorney's fee award of $216,222.50.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

10

Case 3:06-cv-00578  Document 129  Filed 06/16/08  Page 10 of 10 PageID #: 1966